# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

HIAWATHA PHILLIP THORNTON,

    Plaintiff,

vs.

ALBERT WILLIFORD, JR., CO II;
LT. R. GOURLEY, Nurse; Nurse MOCK;
Captain McGAULEY; TONY HOWERTON;
RANDALL HOLDEN; and STEVE
ROBERTS

    Defendants.

CIVIL ACTION NO.: CV503-072

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement while he was incarcerated at Ware State Prison in Waycross, Georgia. Defendants filed a Motion for Summary Judgment, and Plaintiff has responded. For the reasons which follow, Defendants' Motion for Summary Judgment should be **GRANTED**.

## FINDINGS OF FACT

Plaintiff asserts that he was injured as a result of another inmate hitting him with some unknown object. Plaintiff contends that his teeth were chipped and that he was bleeding profusely from the mouth. Plaintiff contends that Defendant Williford saw him bleeding but denied Plaintiff's requests for medical attention. Plaintiff asserts that after this alleged assault, Defendants Gourley, Mock, McGauley, Howerton, Holden, and Roberts were notified that Plaintiff was injured, yet they failed to provide him with medical care.



Defendants allege that Plaintiff assaulted the other inmate when Plaintiff reached out of the slot of his cell and cut the other inmate with a razor. Defendants assert that the other inmate received minor lacerations to his hands, and that Defendant Williford saw Plaintiff assault this other inmate. Defendants also assert that Plaintiff was placed in isolation and disciplined as a result of this assault. Defendants further assert that it is standard procedure that medical personnel examine any inmate involved in any alleged incident and to render medical attention, if necessary. Defendants contend that medical staff visited Plaintiff daily from August 26 (the date of this incident) until September 24, 2001, and that Plaintiff did not present any medical complaints or requests for treatment.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

2

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff failed to exhaust his administrative remedies for the claims he set forth in his Complaint. Defendants contend that Plaintiff filed a grievance on August 29, 2001, but Plaintiff did not allege in that grievance that he was injured, that there was a breach of any security measures, or that he was denied medical treatment. (Doc. No. 44, p. 2.) Defendants also contend that Plaintiff only complained of the method and manner Officer Burse, who is not a named Defendant in this cause of action, investigated the incident which occurred on August 26, 2001. Defendants further contend that Plaintiff admits that he failed to appeal the adverse decision on this grievance to the highest level possible. (Doc. No. 44, p. 5.)

3

Plaintiff alleges that he was the one who was assaulted and that Defendants refused to provide him with medical treatment. Plaintiff asserts that Defendant Williford fabricated the version of events in which Plaintiff assaulted another inmate and that a disciplinary report was filed against Plaintiff due to this fabrication. Plaintiff contends that the investigating officer, Officer Burse, refused to "acquire his knowledge of being assaulted." (Doc. No. 51, p. 4.) Plaintiff alleges that he filed Grievance Number 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 on August 29, 2001, regarding Officer Burse's investigation of this incident. (Doc. No. 52, pp. 1-3.) However, Plaintiff asserts, he was not able to appeal the Warden's decision on this grievance because he was informed that disciplinary proceedings are non-grievable. (Doc. No. 52, p. 3.) Plaintiff also alleges that officials at Ware State Prison failed to comply with the Standard Operating Procedures pertaining to investigations of disciplinary reports. (Doc. No. 55, p. 5.)

42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The

4

court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

The evidence of record reveals that Plaintiff filed Grievance Number 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 on August 29, 2001. (Doc. No. 44, Ex. C.) However, a review of this grievance reveals that Plaintiff complained of the manner Officer Burse investigated the incidents outlined in the disciplinary report filed against him. Plaintiff was informed that his grievance addressed a disciplinary report, which was not grievable. (Id.) In contrast, a claim by an inmate that officials were deliberately indifferent to his serious medical needs is a "condition, policy, procedure or action directed toward inmates of which the Georgia Department of Corrections has control [which] may be grieved." (Doc. No. 44, p. 5) (noting that the Georgia Department of Corrections provides for a statewide grievance procedure that is available to all inmates committed to its jurisdiction). There is nothing in the record which indicates that Plaintiff filed a grievance pertaining to his claims that Defendants were deliberately indifferent to his serious medical needs after he was allegedly assaulted by another inmate on August 26, 2001. Although Plaintiff asserts that he "has exhausted his administrative remedies" (Doc. No. 54, p. 4), he offers nothing to support this conclusory statement. In fact, Plaintiff's statement, when read within the entirety of the paragraph, indicates that Plaintiff speaks to the exhaustion of his remedies related to the grievance he filed against Officer Burse. Moreover, Plaintiff even admits that "[t]here was not a grievance filed involving 08-26-01 incident." (Compl., p. 3.) Plaintiff also admits that he did not file an appeal of the grievance because "[t]here's no recourse where by [sic] a (D.R.) disciplinary report can be addressed being correctional officer and Defendant (Albert Williford Jr.) wrote report." (Compl., p. 4.) Plaintiff testified during his deposition that he only filed a grievance

5

against Officer Burse "because [he] was trying to find out why this inmate did this[.]" (Doc. No. 47, p. 22.)

In sum, Plaintiff has failed to establish the existence of a genuine issue of material fact in response to Defendants' assertion that he failed to exhaust his administrative remedies. It is unnecessary to address the remainder of Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 43) be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust administrative remedies.

**SO REPORTED AND RECOMMENDED**, this 15th day of February, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev 8/82)

# United States District Court
## *Southern District of Georgia*

HIAWATHA PHILLIP THORNTON
_____ )

vs ) CASE NUMBER __CV503-72__

ALBERT WILLIFORD, JR., ETAL
_____ ) DIVISION __WAYX__

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated __2/15/05__, which is part of the official record of this case.

Date of Mailing: __2/15/05__

Date of Certificate  ☐ same date,  or _____

Scott L. Poff, Clerk

By: __NITA ROSE__
Deputy Clerk

<u>Name and Address</u>

DERON R. HICKS
HIAWATHA PHILLIP THORNTON BOX 726 GLENNVILLE, GA. 30427

☒ Copy placed in Minutes
☐ Copy given to Judge
☐ Copy given to Magistrate

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

HIAWATHA PHILLIP THORNTON,

    Plaintiff,

vs.

ALBERT WILLIFORD, JR., CO II;
LT. R. GOURLEY, Nurse; Nurse MOCK;
Captain McGAULEY; TONY HOWERTON;
RANDALL HOLDEN; and STEVE
ROBERTS

    Defendants.

CIVIL ACTION NO.: CV503-072

## ORDER

Let a copy of this Report and Recommendation be served upon the parties. The parties will be allowed ten (10) days from the date of service of this Report and Recommendation to file objections. If no objections are made, this Report and Recommendation will be adopted as a record of the proceedings and may become the opinion and order of the Court. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B 1982).

All requests for additional time to file any objections to this Report and Recommendation should be filed with the Clerk for consideration by the District Judge to whom this case is assigned for his determination.

The Clerk of Court is directed to submit the Report and Recommendation with objections, if any, on or before the 7th day of March, 2005.

SO ORDERED, this 15th day of February, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

HIAWATHA PHILLIP THORNTON )

vs ) CASE NUMBER CV503-72

ALBERT WILLIFORD, JR.,ETAL ) DIVISION WAYX

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 2/15/05, which is part of the official record of this case.

Date of Mailing: 2/15/05

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: NITA ROSE
Deputy Clerk

Name and Address

DERON R. HICKS
HIAWATHA PHILLIP THORNTON BOX 726 GLENNVILLE, GA. 30427

☐ Copy placed in Minutes
☐ Copy given to Judge
☐ Copy given to Magistrate